IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE AUSTIN,                :    NO. 05-280
                              :
        Petitioner,            :
                              :
    v.                        :
                              :
UNITED STATES OF AMERICA,     :
                              :
        Respondent.            :

# O R D E R

**AND NOW**, this **10th** day of **March, 2010**, for the reasons provided in the accompanying Memorandum, it is hereby **ORDERED**:

1. Petitioner's motion to vacate/set aside/correct sentence, pursuant to 28 U.S.C. § 2255, (doc. no. 156) is **DENIED**.

2. Petitioner's petition will be **DISMISSED**.

3. Petitioner's motion to appoint counsel is **DENIED as moot** (doc. no. 157).

**IT IS FURTHER ORDERED** that a certificate of appealability[1] shall not issue and that this case shall be marked

---

[1] A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial

**CLOSED.**

   **AND IT IS SO ORDERED.**

            <u>S/Eduardo C. Robreno</u>
            **EDUARDO C. ROBRENO, J.**

---

showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.